IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | | |
|---|---|---|
| **LAKISHIA STEWART,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| v. | ) | Civil Action No. 1:06-0114 |
| | ) | |
| **DEBORAH A. HICKEY, Warden,** | ) | |
| **FPC Alderson,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Petitioner [1] filed a Motion for Writ of Habeas Corpus on February 15, 2006.[2] (Document No. 1.) Petitioner states as follows in her Motion:

> On February 14, 2005, the Federal Bureau of Prisons (BOP) adopted a "Final Rule" on Community Center (CCC) placement for prisoners. * * * As a result of the BOP's adoption of this "Final Rule", Petitioner will not be placed in a CCC until the last ten percent of her sentence. Petitioner contends this rule violates statutory law and the Congressional intent of 18 U.S.C. § 3621(b). Petitioner is denied her Fifth and Fourteenth Amendments Equal Rights of Protection under the Constitution. Petitioner further contends that the February, 2005, Rule violates the Ex Post Facto Clause amounting to a retroactive increase in the severity of her punishment.

Petitioner states that "[a]ll prisoners, including this Petitioner, are told they will not be placed at a CCC until the latter part of their sentence known as their 'ten percent date'. No individual

---

[1] Petitioner pled guilty on May 17, 1999, in *United States v. Stewart*, Criminal No. 6:99-60017, in the United States District Court for the Western District of Louisiana to Count One of an Indictment charging her with conspiring to distribute cocaine base in violation of 21 U.S.C. § 846. The District Court sentenced Petitioner on December 17, 1999, to 135 months in prison and a five year term of supervised release. On March 4, 2008, the District Court filed an Order reducing Petitioner's sentence from 135 months to 108 months. The Bureau of Prisons' Inmate Locator indicated that Petitioner was released from custody on March 7, 2008.

[2] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

determination is made based on the factors set forth in § 3621(b). Petitioner asserts that she has a statutory right to an individual determination under the factors of § 3621(b)." Petitioner cites the decisions of several Courts urging that they support her position[3].

As noted above, the Bureau of Prisons' Inmate Locator indicates that Petitioner was release from custody on March 7, 2008. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184,

---

[3] Petitioner cites *United States v. Paige*, 369 F.Supp.2d 1257 (D. Mont. 2005); *Pimentel v. Gonzales*, 367 F.Supp.2d 365 (E.D.N.Y. 2005); *Drew v. Menifee*, 2005 WL 525449 (S.D.N.Y.); and *Cook v. Gonzales*, 2005 WL 773956 (D.Or.). At issue basically in these cases was whether the Bureau of Prisons' policy adopted on February 14, 2005, of categorically limiting inmates' community or halfway house confinement to the last ten percent of their sentences not to exceed six months, *see* 28 C.F.R. § 570.20, was valid when 18 U.S.C. § 3621(b) requires that the Bureau of Prisons make community confinement decisions on the basis of specified factors including "the nature and circumstances of the offense" and "the history and characteristics of the prisoner." These Courts conclude that the February 14, 2005, policy is invalid because it does not take into account the Section 3621(b) factors. Other District Courts disagreed. *See for example Yip v. Federal Bureau of Prisons*, 363 F.Supp.2d 548, 552 (E.D.N.Y. 2005)("The BOP has identified a category of prisoners – inmates who are not yet required to be considered for transfer to a CCC under Section 3624(c), but are eligible under Section 3621(b) – and created a rule denying transfer to all of them, in conflict with no identified directive of Congress.); *DeFrancesco v. Federal Bureau of Prisons*, 2005 WL 1712020, *9 fn.11 (D.N.J.)(citing the decisions of other Courts). Courts in this Circuit have concluded that the 2005 policy is invalid. *Jaworski v. Gutierrez*, 509 F.Supp.2d 573, 585 (N.D.W.Va. 2007); *Williams v. Pettiford*, 518 F.Supp.2d 737, 746 (D.S.C. 2007); *Syrek v. Phillips*, 2008 WL 4335494 (N.D.W.Va). The Courts of Appeals are likewise split on the issue. The Courts in *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 244 (3rd Cir. 2005); *Wedelstedt v. Wiley*, 477 F.3d 1160 (10th Cir. 2007); *Levine v. Apker*, 455 F.3d 71, 85 - 87 (2nd Cir. 2006); *Fults v. Sanders*, 442 F.3d 1088, 1092 (8th Cir. 2006); *Rodriguez v. Smith*, 541 F.3d 1180, 1184 - 1189 (9th Cir. 2008) find the policy invalid. One Court of Appeals has disagreed. *Munoz v. Sabol*, 517 F.3d 29, 38 (1st Cir. 2008)." Because the majority of the Courts which have considered the issue have concluded that the BOP's 2005 policy is invalid, it appears that the appropriate course when an inmate challenges the BOP's plan for releasing her to a CCC is to require the BOP to respond and demonstrate that in development of the release plan, it has considered the factors set forth in Section 3621(b) as in *Syrek v. Phillips*, 2008 WL 4335494 (N.D.W.Va).

130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Petition for Writ of Habeas Corpus.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of her release from custody and the absence of collateral consequences, and therefore, her Section 2241 Application must be dismissed. See e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).[4]

---

[4] The undersigned notes that if Petitioner's Application were not moot as a consequence of her release from custody and the District Court were able to consider her claims on their merits, her contention "that the February, 2005, Rule violates the Ex Post Facto Clause amounting to a retroactive increase in the severity of her punishment" should be found without merit for the reasons stated by District Judge Stamp in *Jaworski v. Gutierrez*, 509 F.Supp.2d 573, 582 (N.D.W.Va. 2007). Otherwise, to the extent that Petitioner requests an immediate eligibility determination and transfer to a community corrections center well before the time when the Bureau of Prisons would do so

**PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody (Document No. 1.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have thirteen (13) days from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d

---

under its regulations and policies, her request should be denied. *See* the BOP's Program Statement 7310.04, p. 7 ("A final and specific release preparation plan, including a decision as to CCC referral, is normally established at a team meeting no later than 11 to 13 months before an inmate's projected release date.") The BOP cannot be compelled to proceed with an eligibility review and the preparation of a final release plan before the time which it has prescribed for doing so.

91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984).  Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, at her address as the Court has learned it through inquiry – 12818 Newbrook Drive, Houston, Texas 77072.

Date: December 18, 2008.

_____
R. Clarke VanDervort
United States Magistrate Judge